Grigor HOVHANESYAN, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–75964.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Nov. 24, 2008.

Vadim Yuzefpolsky, Esquire, Law Of-
fices of Vadim Yuzefpolsky, Glendale, CA,
for Petitioner.

Carl H. Mcintyre, Jr., Esquire, Assis-
tant Director, David Schor, Trial, Ken-
neth E. Sealls, Esquire, Emily Anne Rad-
ford, DOJ–U.S. Department of Justice,
Washington, DC, CAC–District Counsel,
Esquire, Office of the District Counsel
Department of Homeland Security, Los
Angeles, CA, Ronald E. Lefevre, Office of
the District Counsel Department Of
Homeland Security, San Francisco, CA,
for Respondent.

Before: CALLAHAN and IKUTA,
Circuit Judges, and SHUBB *, Senior
District Judge.

MEMORANDUM **

Grigor Hovhanesyan, a native and citi-
zen of Armenia, petitions for review of a
Board of Immigration Appeals ("BIA") or-
der affirming the immigration judge's
("IJ") decision denying him asylum, with-
holding of removal, and relief under the
Convention Against Torture ("CAT"). We
have jurisdiction under 8 U.S.C. § 1252.

The IJ found that petitioner was not
credible and the BIA summarily affirmed

---

* The Honorable William B. Shubb, Senior
  United States District Judge for the Eastern
  District of California, sitting by designation.

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

the IJ's denial of relief. Because the IJ's primary reasons for finding petitioner not credible are not supported by the record and the IJ's other grounds do not go to the heart of petitioner's claims, we vacate and remand.

Where the BIA adopts the decision of the IJ, we review the IJ's decision. *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007). In *Don,* we explained that:

> [t]he standard of review for factual findings made by the IJ is a deferential substantial evidence standard, and credibility findings will be upheld unless the evidence *compels* a contrary result. [*Karouni v. Gonzales,* 399 F.3d 1163, 1170 (9th Cir.2005)] (emphasis added). This deferential standard of review "precludes relief absent a conclusion that no reasonable factfinder could have reached the agency's result." *Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir. 2005) (citation and internal quotation marks omitted).

*Id.* However, we have also held that:

> "[T]rivial errors by an asylum applicant do not constitute a valid ground upon which to base a finding that an asylum applicant is not credible." *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996) (quotation omitted). Similarly, " '[m]inor inconsistencies' that 'reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.' " *Id.* (quoting *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988)).

*Jibril v. Gonzales,* 423 F.3d 1129, 1133 (9th Cir.2005) (alterations in original).

Here, the IJ's primary grounds for making an adverse credibility determination were petitioner's supposed insistence on a shoulder injury and an allegedly unexplained two-day gap between petitioner's trauma and his admission to the hospital. Neither ground is supported by the rec-ord. Petitioner asserted that he had a badly broken upper left arm, and he had the scars and the medical records to prove it. There was some confusion due to the mistranslation of the humerus bone as the medically non-existent "shoulder bone." Nonetheless, the record shows that petitioner consistently claimed that his upper arm was injured and mentioned his shoulder in response to the IJ's questions concerning what other injuries he had sustained. The two-day gap appears to be a misreading of the hospital record. Although the hospital record is not a model of clarity, it shows that the operation on petitioner's arm took place two days after his admission to the hospital. The hospital record does not support the IJ's adverse credibility finding. *See Singh v. Gonzales,* 439 F.3d 1100, 1109 (9th Cir.2006).

The IJ also cited that petitioner claimed to have gone to Kiev in July 2001, when his hospital record shows that he was not released from the hospital until August 6, 2001. This determination appears to be based on petitioner's statement that was translated as:

> I went there July, 2001, and we came back by June 2001, because we could not obtain the legal document over there and because these people they don't like my indignation about much.

This is obviously a misstatement. Petitioner subsequently explained that as soon as he was released from the hospital his father took him to Kiev because they thought he would be safer there. Petitioner's alleged confusion as to the dates in 2001 does not support an adverse credibility finding. *See Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.").

The remaining alleged inconsistencies in petitioner's presentation are minor and reveal nothing about his fear of persecution. *See Jibril*, 423 F.3d at 1133. Petitioner's statements concerning attending school in Lachin, rather than Yerevan, do not go to the heart of his asylum claim and therefore are not substantial evidence supporting the IJ's determination. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002). The IJ's disapproval of petitioner's brother's alleged exaggeration of conditions in Armenia may be understandable, but the brother had already been granted asylum. Moreover, the brother's lack of credibility is not substantial evidence of the petitioner's lack of credibility. The fact that the brothers' wives remained in Armenia is not inconsistent with anything in the petitioner's application or testimony and therefore is not substantial evidence that the petitioner lacked credibility regarding his claim of prosecution. *See Damaize–Job v. INS*, 787 F.2d 1332, 1337 (9th Cir.1986). The IJ's suggestion that the brothers could not have passed through customs without incident when leaving Armenia is the sort of speculation that we have held does not support an adverse credibility determination. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004) (holding as inappropriate an IJ's "personal conjecture about the manner in which Indian passport officials carry out their duties").

Based on our review of the record we conclude that a reasonable factfinder could not, at least on the grounds advanced by the IJ, have held that petitioner was not credible. Accordingly, we **GRANT** the petition for review and **REMAND** for the agency to consider whether, taking petitioner's testimony as true, he has shown eligibility for asylum, for withholding of removal, or for relief under the CAT. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).